E-FILED
Monday, 26 September, 2005  02:50:06 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
TRISH LEE McCLOUD, by          )
and through her legal          )
guardian, Candy L. Hall,       )
                               )
        Plaintiff,             )
                               )
   v.                          )      Case No. 04-1118
                               )
GOODYEAR DUNLOP TIRES NORTH    )
AMERICA, LTD. and THE          )
GOODYEAR TIRE & RUBBER         )
COMPANY,                       )
                               )
        Defendants.            )
```

## **O R D E R**

In separate lawsuits Plaintiff Trish Lee McCloud, a passenger on a motorcycle being operated by William Booker (Case No. 04-1118) and Plaintiff William Booker (Case No. 04-1159) sued Defendants Goodyear Dunlop Tires North America, Ltd. (Dunlop) and The Goodyear Tire & Rubber Company (Goodyear) (collectively referred to as Dunlop/Goodyear) for injuries sustained in an accident involving the motorcycle caused by allegedly defective tires manufactured and/or distributed by Dunlop/Goodyear.  These two cases were consolidated under Case No. 04-1114.

Before the Court today is the motion of William Booker. Plaintiff/Counterdefendant in Case No. 04-1159 for summary judgment on the counterclaim of Dunlop/Goodyear for contribution pursuant to Illinois state law by Dunlop and Goodyear in connection with the claims of Plaintiff Trish Lee McCloud.

The summary judgment motion was e-filed August 5, 2005, and pursuant to Local Rule 7.1(D), Dunlop/Goodyear was required to file

a response to the motion within a 21 day period that expired August 26, 2005.  Their failure to respond is deemed an admission of the motion.  Local Rule 7.1(D)(2).

The summary judgment motion is part of a broader motion also seeking a finding that Plaintiff's claim against Booker was settled in good faith thereby barring the contribution action against Booker by Dunlop/Goodyear in their counterclaim.

There does not appear to be any dispute as to any material fact and the record before the Court includes the following exhibits:

(a) Trish Lee McCloud's complaint;

(b) Goodyear Dunlop Tires North America, Ltd., and The Goodyear Tire & Rubber Company's amended answer and affirmative defenses;

(c) Goodyear Dunlop Tires North America, Ltd., and the Goodyear Tire & Rubber Company's counterclaim for contribution against William Booker;

(d) William Booker's answer to the counterclaim and contribution;

(e) William Booker's answers to Goodyear Dunlop Tires North America, Ltd, and The Goodyear Tire & Rubber Company's interrogatories;

(f) certification of records/attestation of exemplified copies, petition for approval of settlement, affidavit of Candy Hall and order approving settlement, Berrien County Probate Court, Second Judicial Circuit, Fifth Judicial District, State of Michigan;

(g)  release.

In consideration of the record there is no genuine issue as to any material fact and Plaintiff/Counterdefendant William Booker in Case No. 04-1159 is entitled to a judgment as a matter of law. Accordingly, the Court finds that the settlement by Defendant Booker of Plaintiff McCloud's claims against him in Case No. 04-1118 for $50,000, the full amount of insurance coverage available to Booker was and is fair, reasonable, and "in good faith" within the meaning of Section 2(c) of the Illinois Joint Tortfeasor Contribution Act.  740 ILCS 100/2(c).

It is Ordered that summary judgment is awarded in favor of Plaintiff/Counterdefendant Booker and against Defendants/Counterplaintiffs Dunlop and Goodyear on the latters' counterclaim in Case No. 04-1159.  This case is referred back to Magistrate Judge Gorman for further pretrial administration.

ENTERED this ___23rd___ day of September, 2005.

                                                         s/ Joe B. McDade
                                                         JOE BILLY McDADE
                                      United States District Judge