E-FILED
Friday, 03 February, 2006 03:02:20 PM
Clerk, U.S. District Court, ILCD
E-FILED
Tuesday, 24 January, 2006 10:45:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TRISH LEE MCCLOUD, by her legal )
guardian Candy L. Hall, )
                Plaintiff )
)
vs )   Case No. 04-1118
)
GOODYEAR DUNLOP TIRES NA, LTD, )
and THE GOODYEAR TIRE & )
RUBBER CO., )
                Defendants )

### ORDER

Now before the court is Trish McCloud's Motion to compel discovery (#112). The motion is fully briefed and I have carefully considered the arguments of both parties. For the following reasons, the motion is denied.

As a preliminary matter, Plaintiff's motion is so general that the court would have to comb each of her discovery requests, each of Defendant's responses and then determine without argument or legal citation whether the responses were sufficient. This the court declines to do, and for that reason alone, the motion is denied.

However, the following observations are pertinent with respect to the requested discovery. First, the discovery sought as to defective design may have been acceptable had it been served early in discovery. However, such discovery is not likely to lead to admissible evidence in this case at this stage of proceedings. Plaintiff's experts have already tendered their reports and sat for deposition. They offered no opinion as to defective design, opining only about defective manufacture. There is nothing in the factual development of this case that would justify discovery on the theory of defective design.



Pertinent to this dispute is the existing scheduling order, which shows that the close of all discovery was extended from Feb. 15, 2006 to April 3, 2006, in order to allow the parties additional time for rebuttal and sur-rebuttal expert witnesses. Inherent in this schedule is the conclusion that fact discovery has been completed. If no facts supporting a design-defect-theory have come to light by the time the parties have disclosed opposing experts and rebuttal experts, and if nothing in those experts' reports and/or depositions suggests that further exploration of a design defect theory is in order, then discovery on that question would be nothing more than a fishing expedition. Fact discovery as to the theory of this case is over.

With respect to Plaintiff's requests for information about other tires with the same "green tire specification," Defendant responds that it has already answered a question that the "green tire specification" for the tire at issue in this case was not used to manufacture any other model. In other words, there are no tires with the same green tire specifications. Plaintiff's suggestion that this question has not been answered and/or documents not produced is without merit.

To the extent that Plaintiff's discovery seeks all information on any other tire having at least one component in common with the subject tire, I find such discovery to be overly broad and not reasonably calculated to lead to admissible information, because there is no effort to limit such discovery to similar tires (i.e., those designed for motorcycles, for example, as opposed to those designed for large trucks).

Finally, Plaintiff states a need for a plant inspection and to videotape the tire building process in order to prepare for trial. There is no explanation for how this will help her counsel prepare for trial or how this might assist a jury. Plaintiff's experts have rendered

their opinions without seeing the process, and one of them even testified that he did not need to see the manufacturing process in order to reach his opinions. Finally, this request is clearly a request that falls within the scope of fact discovery. Fact discovery is over and the request is therefore not timely.

Rule 34 specifies that requests for entry on land and/or photography must be "within the scope of Rule 26(b)", which means that the process is (1) not privileged; (2) relevant to the plaintiff's claim; and/or (3) reasonably calculated to lead to discovery of admissible information. I find that Plaintiff's request for an inspection is relevant to the claim of a manufacturing defect, although it is certainly not necessary. It may have been reasonably calculated to lead to the discovery of admissible information had it been served earlier in the discovery process. Given the untimeliness of the request, however, any information gleaned would not be admissible.

Finally, Defendant mounts a powerful argument that the manufacturing process contains many trade secrets and is therefore privileged. Plaintiff's request does not address the use to which the videotape might be put, nor does it state who precisely would be part of the tour. Plaintiff's reliance on a protective order relating to documents is misplaced. While there are certainly ways to protect trade secrets (including properly focused protective orders), given the untimeliness of this request and the lack of need or admissibility for any information that might be gleaned, I conclude that Paintiff has failed to meet her burden for the plant inspection.

As stated herein, the motion [#112] to compel is denied.

ENTER this 24th day of January 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE