**E-FILED**
Friday, 03 March, 2006  12:42:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRISH LEE MCCLOUD, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 04-1118 |
| | ) | |
| GOODYEAR DUNLOP TIRES NORTH | ) | |
| AMERICA, LTD., and THE GOODYEAR | ) | |
| TIRE & RUBBER COMPANY, | ) | |
| Defendant | ) | |

## ORDER

Now before the court are: plaintiff's Motion to Reconsider (#133) this Court's Order of January 24, 2006, and Defendants' Motion to Quash and to Strike (#122).   A hearing was held on March 1, 2006, and I have carefully considered the submissions and arguments of the parties.  As further explained below, both motions are denied.

## MOTION TO RECONSIDER

On January 24, I entered an order denying plaintiff's motion to compel.  The Order denied the motion to compel, finding that plaintiff's motion was so general that it would be up to the court to find and make the specific arguments.  The Order went on to offer additional observations supporting denial of the motion to compel.

The first observation dealt with plaintiff's effort to obtain discovery related to a "design defect" theory, in this case which heretofore had been solely pursued on a "manufacturing defect" theory.  The Order found that there was nothing to justify interjection of such an theory, especially at this late date when all fact discovery is complete and when plaintiff's primary experts had already been deposed. At the hearing, plaintiff asserted that defendants' experts had introduced this theory when they opined that misuse (overloading, under-inflation and/or sudden deflection) had caused the tire problem.  From my review of the materials

submitted, I do not agree with plaintiff's characterization.  I therefore decline to reconsider my decision to preclude discovery on this new theory.

Another issue is plaintiff's claimed surprise to learn that fact discovery closed on February 15.   However, that is precisely what the record in this case shows.  The original deadline for completion of all discovery was February 15.   By that date, the parties were immersed in expert discovery, proceeding with rebuttal and sur-rebuttal experts.  The Court then granted a motion (#111) asking for an extension of the deadline for completion of rebuttal and sur-rebuttal discovery to April 3.  Although the Order granting that motion simply allows it and sets a new date for completion of "all  discovery", that is due to the manner in which such dates are tracked by the court.  There was no request for an extension of fact discovery, and the court did not grant one.  Accordingly,  February 15 was properly deemed the very last day on which fact discovery could have been sought.

Finally I re-affirm my decision not to allow a plant inspection and videotape.  As was adequately demonstrated at the hearing, the process of manufacturing tires is not so complex that a jury would require - or even be cognizably assisted by - a film of the process. Considering that the process of manufacture in a competitive business such as tire manufacture necessarily entails trade secrets, I find that the minimal showing of need for this film is significantly outweighed by the interest of defendants in protecting its trade secrets.

## MOTION TO QUASH AND TO STRIKE

On January 30, 2006, plaintiff served on defendant a supplemental Rule 26(a) disclosure, adding five names of people with knowledge.  Defendant moves to strike that disclosure as untimely.  For the following reasons, the motion to strike the supplemental disclosures is denied.

Plaintiff is under an obligation to timely supplement disclosures.  At the hearing, plaintiff explained why the supplement occurred so late.   Implicit in that explanation was that defendant has had exactly the same knowledge and opportunity to locate four of those witnesses as did plaintiff.  During depositions last year, these people were referred to by their biker names.  It was only recently that plaintiff was able to learn their legal names and locations.   Considering that there were still 2 weeks left in fact discovery at the time of the disclosure, I find that defendants could have deposed or obtained statements from these individuals in a timely fashion.  Moreover, defendants have some idea what these people might know, given the references in earlier depositions.  In other words, I find that under the circumstances, plaintiff timely supplemented her Rule 26(a)(1) disclosures, and that any prejudice to defendant was minimal and could have been avoided.

The fifth person was hired to perform actual riding tests on defendants' tires under circumstances discussed by defendants' experts.  These circumstances were disclosed in the experts reports last October and discussed in their depositions in November.  The results of the riding tests were relied on by plaintiff's rebuttal expert.  Because he was disclosed before the close of discovery, and because the need for his services only arose subsequent to examination of defendants' experts, I find that his disclosure too was timely.

Also on January 30, 2006, plaintiff served a Notice of Rule 30(b) deposition of a corporate representative.  Defendant moves to quash that Notice as untimely and redundant.

In its response to the motion and at the hearing, plaintiff logically explained that they wanted this deposition to be taken after the defendants' experts had articulated their opinions, so that the corporate representative could be asked about those opinions.   The request itself was timely.  A corporate representative is certainly a witness under the control of the

3

defendants, and such a representative could have been produced by February 15 for a deposition.

Defendant argues that several "corporate depositions" have already been taken. None, however, were taken after the depositions of defendants' experts.  Issues of redundancy might legitimately come up during such a deposition, but the entire deposition would certainly not be redundant, at least to the extent that the questioning revolves around the expert opinions.  Defendants should have tendered a representative for deposition limited as stated above and they are hereby ordered to do so by April 3, 2006.

**CONCLUSION**

As stated above, the Motion to Reconsider (#133) is denied in its entirely.  The Motion to Strike and to Quash (#122) is also denied.  Defendant shall produce a corporate representative for deposition as stated herein.

ENTER this 3rd day of March, 2006

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE