## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TRISH LEE McCLOUD, by and through ) <br> her legal guardian, Candy L. Hall,) <br> ) <br>       Plaintiff,      ) <br> ) <br>   v.                               ) <br> ) <br> GOODYEAR DUNLOP TIRES NORTH  ) <br> AMERICA, LTD. and THE GOODYEAR  ) <br> TIRE & RUBBER COMPANY,        ) <br> ) <br>       Defendants.     ) <br> ----------------------------------- <br> WILLIAM BOOKER,             ) <br> ) <br>       Plaintiff,      ) <br> ) <br>   v.                               ) <br> ) <br> GOODYEAR DUNLOP TIRES NORTH  ) <br> AMERICA, LTD. and THE GOODYEAR  ) <br> TIRE & RUBBER COMPANY,        ) <br> ) <br>       Defendants.     ) <br> ----------------------------------- | Case No. 04-1118 <br><br><br><br><br><br><br><br><br><br><br><br> Case No. 04-1159 <br> Consolidated with <br> Case No. 04-1118 |

## <u>ORDER</u>

Before the Court is Plaintiff, Trish Lee McCloud's ("McCloud") Motion to File Under Seal [Doc. #172]. In particular, McCloud argues that Exhibits 7 and 17 attached to her Memorandum of Law and Evidence in Opposition to Defendants' Motion to Bar the Testimony of Derian, Woehrle and Kasner [Doc. #170] are confidential documents which must be filed under seal pursuant to paragraph 9 of the Protective Order entered in this

case on July 27, 2005 [Doc. #71]. But, paragraph 9 clearly states as follows:

> If confidential documents are to be filed in support of a motion, or used at trial, the parties ***shall***, before filing the documents or filing a motion to seal the documents, make a good faith effort to redact the confidential information in such a manner that the document still contains the information required for the Court's consideration. ***Only if*** redaction is not possible may a party move for leave to file the document under seal. The motion ***shall*** explain how the document(s) in question meet the standards for filing sealed documents as discussed in *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), and its progeny.
>   Any motion for leave to file documents under seal, together with supporting information, ***shall*** be submitted for an *in camera* review to the presiding judge via email at the email addresses specified in the Central District's *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by electronic Means in Civil Cases*, § III. The pleading or documents that the party wishes to be filed under seal ***shall*** be attached as an Exhibit.

[Doc. #71, ¶ 9] (emphases added).

Here, McCloud has failed to follow any of the procedures outlined above in paragraph 9 of the Protective Order. Therefore, at the present time, there is no justification for placing Exhibits 7 and 17 under seal. McCloud, nevertheless, will be given 14 days from the date of this Order to comply in full with paragraph 9 of the Protective Order. If McCloud fails to comply with paragraph 9 within the allotted time frame, this Court will deny her Motion to File Documents Under Seal.

IT IS THEREFORE ORDERED that McCloud will be given 14 days from the date of this Order to comply in full with paragraph 9 of

the Protective Order [Doc. #71], or her Motion to File Documents Under Seal [Doc. #172] will be denied.

       Entered this <u>21st</u> day of June, 2006.

                                          <u>  /s/ Joe B. McDade  </u>
                                            Joe Billy McDade
                                   United States District Judge