UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Trish McCloud,                      )
          Plaintiff      )
                          )
                          )     Case No. 04-1118
                          )
Goodyear Dunlop Tires North America,Inc. )
          Defendant     )

**ORDER**

Now before the court is the defendant's motion to quash (Doc. #182) the plaintiff's notices to take videotaped depositions of 3 witnesses. For the following reasons, the motion is granted.

Defendant argues that the discovery deadline in this case was February 15, 2006, with a limited extension for rebuttal and sur-rebuttal witness depositions to April 3, 2006. Because these depositions were noticed on June 15 and 16, 2006, for depositions to be taken on June 26 in Peoria and June 28 in Michigan, defendant asserts that they are untimely. These depositions are clearly untimely.

In addition, defendant points out that two of these witnesses (Erika Harris-Robinson and Florence Lilly) were disclosed on January 27, 2006. Either party could have taken their depositions during discovery. Neither one did. A deposition at this point in time is untimely. Her notice of their depositions months after the close of discovery is untimely.

The fact that the witnesses are out of state does not change that conclusion. From what the court can glean, these witnesses have always been out of state. This was not a sudden, unexpected move. If plaintiff wants these witnesses to offer testimony on her

behalf, it was her obligation either to arrange for the witness to be present in person to testify at the trial or to take their depositions in a timely manner. She did not.

As to the third witness, Shelly Cook M.D., she has never been disclosed as a witness, although her medical records are among the records produced in this case; Cook treated the plaintiff at OSF St. Francis in Peoria. The parties have been in possession of medical records for a very long time, so once again, defendant argues that discovery from this witness could and should have been taken before the discovery cut-off. Plaintiff argues that Dr. Cook is now practicing medicine in Wisconsin and cannot be compelled to come to Illinois for testimony at trial. As is true with the two witnesses above, that is a problem that could and should have been resolved during the period set by the Court for discovery. I also note that treating physicians rarely testify in person. Plaintiff should have known that she would need this deposition during the discovery process instead of waiting until this late date.

While the untimeliness of the Notices is sufficient to justify quashing them, I also conclude that allowing the depositions will cause prejudice to the defendant in two ways. First, defendant's medical expert has already rendered his opinion and been deposed; defendant and its expert are entitled to know - during discovery - on what medical evidence plaintiff will rely. By not deposing Dr. Cook, plaintiff led defendant to believe that her testimony would not be used to support plaintiff's case. To surprise defendant six weeks before trial with a medical witness whose testimony was not made available to defendant's expert is surprise that amounts to prejudice.

Second, this trial is scheduled for August 7, 2006. The Court's inherent power to control the cases on its docket, not to mention its authority to limit discovery where there

has been "ample opportunity" to obtain the information being sought, supports a denial of a motion that seems likely to interfere with that date.

Plaintiff's primary argument is that these depositions are not truly discovery depositions but rather are depositions to preserve the testimony of witnesses who will not be available to testify at trial. Unlike Illinois, which differentiates between discovery and evidence depositions, the Federal Rules of Civil Procedure make no distinction between types of deposition. Fed.R.Civ.P. 30, 32. See, Wilhold v. Gebke, No. 04-586-MJR, 2005 WL 2467669 (S.D.Ill. 2005)(refusing to allow deposition to preserve testimony after discovery deadline); Alexander v. Mt. Sinai Hosp. Medical Center, NO. 00-2907, 2005 WL 3710369 (N.D.Ill. 2005); Jurisek v. Brooks, No. 00C7215, 2001 WL 300588 (N.D.Ill. 2001). See also, Integra Lifesciences I, LTD, v. Merck KGaA, 190 F.R.D. 56, 559-60 (S.D.Cal. 1999); Henkel v. XIM Products, Inc., 133 F.R.D. 556 (D.Minn. 1991); Chrysler Intern. Corp. v. Chemaly, 280 F.3d 1358, 1360-61 (11th Cir. 2002).

Plaintiff cites two[1] out-of-circuit cases - one from a district court and one from a bankruptcy court - for the proposition that federal common law recognizes a distinction between depositions taken during discovery and those taken to preserve the testimony of witnesses unavailable to testify at trial. See, Estenfelder v. The Gates Corp., 199 F.R.D. 351, 356 (D.Colo. 2001); and In re Groggel, 333 B.R.261, 303 (Bkrtcy.W.D.Pa.).

---

[1]Actually, plaintiff cites 3 cases. For one of them, plaintiff provided only a Lexis cite, RLS Associates, LLC v. The United Bank of Kuwait, 2005 U.S.Dist.Lexis 3815, p.18(S.D.N.Y.2006). No copy of this case was provided and it was not found on Westlaw. However, this case would provide no more precedential value than the two cited above, so the Court does not view this as crucial to its determination.

3

These cases are neither precedential nor persuasive. In <u>Estenfelder</u>, the court allowed the depositions to proceed after expressly finding that there would be no prejudice or surprise. I have already concluded that there is unfair surprise to the defendant in this case. Moreover, unlike the case before this Court, the <u>Estenfelder</u> case was not yet set for trial, distinguishing it from the instant case which has less than six weeks before trial. In <u>Groggel</u>, the untimely depositions were taken without objection by the party seeking exclusion at trial, resulting in a holding that the timeliness objection had been waived.

In <u>Spangler v. Sears, Roebuck and Co.</u>, 138 F.R.D. 122, 124 n.1 (S.D.Ind. 1991), the court noted that, while there is no support in the Rules for treating trial depositions differently than other depositions, "the practice of treating trial depositions differently than discovery depositions appears to be a custom which is common in many judicial districts." No authority is cited for that statement. Although it may very well be an accurate statement as far as it goes, it is not a statement that describes permissible procedure in the Central District of Illinois.

Plaintiff also points to the Joint Report of the Parties' Planning Meeting (Doc. #16 ¶ 5(C)) for the proposition that depositions to preserve testimony for trial "would not be subject to the restrictions related to the discovery depositions under the discovery plan." The pertinent section of that Report provides:

> (5)(C)The parties currently anticipate a maximum of ... 15 depositions by each party with the understanding that depositions taken for the purpose of preserving testimony for trial are not included in this restriction.

This provision goes only to the number of depositions and not to the timing of those depositions. The Joint Report does not support plaintiff's position.

This is not a situation where the witnesses were deposed with the expectation that they would be personally testifying at trial.  They were never deposed.  The choice not to depose a witness deemed important to her case is a strategic decision made by Plaintiff, a decision that cannot be undone now simply by calling these depositions by another name.  The motion to quash [#182] is accordingly granted.

ENTER this 27th day of June, 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE