## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TRISH LEE McCLOUD, by and through her legal guardian, Candy L. Hall, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case. No. 04-1118 |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. and THE GOODYEAR TIRE & RUBBER COMPANY, ) ) ) ) ) | |
| Defendants. ) | |
| --------------------------- ) | |
| WILLIAM BOOKER, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. and THE GOODYEAR TIRE & RUBBER COMPANY, ) ) ) ) ) | |
| Defendants. ) | |

### ORDER

Before the Court is William Booker's ("Booker's") Motion for Entry of Final Judgment [Doc. # 98]. For the reasons that follow, Booker's Motion will be GRANTED.

On August 5, 2005, Booker filed a motion for summary judgment on Defendants' counterclaim for contribution pursuant to Illinois state law in connection with the claims of Plaintiff Trish Lee McCloud ("McCloud"). In his Motion, Booker argued that Defendants' contribution claim was barred by the Illinois Joint Tortfeasor

Contribution Act ("Contribution Act") since McCloud's claim against Booker was settled in good faith. Defendants failed to respond to Booker's Motion and, on September 23, 2005, this Court held that there was no genuine issue as to any material fact in dispute and, that Booker's settlement with McCloud was fair, reasonable and "in good faith" within the meaning of section 2(c) of the Contribution Act. 740 ILCS 100/2(c). Accordingly, summary judgment was granted in favor of Booker.

Booker has now filed the instant Motion requesting the Court to enter a partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. And, again, Defendants have failed to respond.

Rule 54(b) permits a court to enter a partial final judgment "when a distinct claim has been fully resolved with respect to all parties[,]" and there is no just reason for delay. Lottie v. West American Ins. Co., 408 F.3d 935, 938-39 (7th Cir. 2005)(quotations omitted). A claim is not distinct or separate if the claim "so overlaps the claim or claims that have been retained for trial that if the later were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." Id. at 939 (quoting Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997). In other words, a claim is separate from the remaining claims if there is minimal factual overlap. Id.

In the present case, the underlying legal issue as to whether this Court correctly interpreted the Contribution Act when granting summary judgment in favor of Booker is separate and distinct from the remaining claims which allege that the accident in question resulted from a defectively manufactured tire.  Thus, the appellate court would not need "to go over the same ground" if Defendants' contribution claim is appealed now and the remaining claims are appealed later.  As such, the Court finds that these claims have minimal factual overlap and there is no just reason for delaying the entry of a partial final judgment.

IT IS THEREFORE ORDERED that Booker's Motion for Entry of Final Judgment [Doc. # 98] is hereby GRANTED and the Clerk of the Court is expressly directed to enter a final judgment for Booker.

Entered this  11th  day of August, 2006

       /s/ Joe B. McDade
          JOE BILLY McDADE
     United States District Judge