**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

```
TRISH LEE McCLOUD, by and through  )
her legal guardian, Candy L. Hall, )
                                   )
         Plaintiff,                )
                                   )
    v.                             )   Case No. 04-1118
                                   )
GOODYEAR DUNLOP TIRES NORTH        )
AMERICA, LTD. and THE GOODYEAR     )
TIRE & RUBBER COMPANY,             )
                                   )
         Defendants.               )
-----------------------------------
WILLIAM BOOKER,                    )
                                   )
         Plaintiff,                )
                                   )
    v.                             )   Case No. 04-1159
                                   )   Consolidated with
GOODYEAR DUNLOP TIRES NORTH        )   Case No. 04-1118
AMERICA, LTD. and THE GOODYEAR     )
TIRE & RUBBER COMPANY,             )
                                   )
         Defendants.               )
-----------------------------------
```

## ORDER

Before the Court is Defendants' Partial Motion for Summary Judgment Regarding Plaintiffs' Design Defect and Failure to Warn Claims [Doc. #162]; Plaintiffs' Suggestions in Opposition [Docs. #171 and #175]; and Defendants' Reply [Doc. #176].

### I.
#### BACKGROUND

The following facts are uncontested. On May 26, 2002, Plaintiffs Trish Lee McCloud ("McCloud") and William Booker ("Booker") were riding on Booker's motorcycle when the rear tire

"suddenly and catastrophically deflated", resulting in personal injuries to both McCloud and Booker.  As a result, on April 4, 2004, McCloud brought this diversity suit against Goodyear Dunlop ("Dunlop") and Goodyear Tire & Rubber Co. ("Goodyear"), alleging negligence and strict products liability theories of recovery for the defective manufacture and design of the tire, as well as Defendants' failure to warn of possible defects. Likewise, on May 18, 2004, Booker filed an identical complaint against Dunlop and Goodyear, raising the same claims as McCloud. On August 24, 2004, the two suits were consolidated.

During discovery, each of Plaintiffs' experts opined that the accident was caused by a manufacturing defect, not a design defect.  Furthermore, all three experts were silent as to the possibility of defective warnings.  As a result, Defendants filed the instant motion for partial summary judgment, alleging that there is an absence of evidence to support Plaintiffs' defective design and failure to warn claims.

## II.
## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the

Court as to portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." Warsco v. Preferred Tech. Group, 258 F.3d 557, 563 (7th Cir. 2001); see also Celotex Corp., 477 U.S. at 322-24. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." Chemsource, Inc. v. Hub Group, Inc., 106 F.3d 1358, 1361 (7th Cir. 1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." Bank Leumi Le-Isreal, B.M. v. Lee, 928 F.2nd 232, 236 (7th Cir. 1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving

party is entitled to judgment as a matter of law. <u>McClendon v. Indiana Sugars, Inc.</u>, 108 F.3d 789, 796 (7th Cir. 1997) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).

### III.
#### ANALYSIS

As the Seventh Circuit has explained, "[s]ummary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." <u>Hammel v. Eau Galle Cheese Factory</u>, 407 F.3d 852, 859 (7th Cir.), <u>cert. denied</u>, 126 S. Ct. 746 (2005) (internal quotation omitted).

In the instant matter, Plaintiffs do not contest any of the facts set forth in Defendants' Partial Motion for Summary Judgment [Doc. #162]. Furthermore, Plaintiffs concede that the only evidence revealed during discovery was of a manufacturing defect. In fact, Plaintiffs state in their response that they "do not presently intend to submit the case to the jury on either design defect or failure to warn theories." [Doc. #171, pg. 4].

Thus, Plaintiffs cannot point to any evidence that would lead a rational trier of fact to find in favor of Plaintiffs on their design defect or failure to warn claims. As such, there is no genuine issue of material fact in dispute regarding

Plaintiffs' design defect and failure to warn claims, and Defendant is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that Defendants' Partial Motion for Summary Judgment Regarding Plaintiffs' Design Defect and Failure to Warn Claims [Doc. #162] is GRANTED.

ENTERED this  17th  day of August, 2006.

                                             /s/ Joe B. McDade
                                               Joe Billy McDade
                                    United States District Judge