**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

```
TRISH LEE McCLOUD, by and through )
her legal guardian, Candy L. Hall,)
                                  )
         Plaintiff,               )
                                  )
     v.                           )        Case No. 04-1118
                                  )
GOODYEAR DUNLOP TIRES NORTH       )
AMERICA, LTD. and THE GOODYEAR    )
TIRE & RUBBER COMPANY,            )
                                  )
         Defendants.              )
----------------------------------
WILLIAM BOOKER,                   )
                                  )
         Plaintiff,               )
                                  )
     v.                           )        Case No. 04-1159
                                  )        Consolidated with
GOODYEAR DUNLOP TIRES NORTH       )        Case No. 04-1118
AMERICA, LTD. and THE GOODYEAR    )
TIRE & RUBBER COMPANY,            )
                                  )
         Defendants.              )
----------------------------------
```

## ORDER

Before the Court is Plaintiff Trish Lee McCloud's Objections [Doc. #123] to Magistrate Judge John A. Gorman's Order of January 24, 2006 [Doc. #116], denying her Motion to Compel Discovery [Doc. #112]. For the reasons that follow, McCloud's Objections are DENIED and Magistrate Judge Gorman's Order of January 24, 2006, is AFFIRMED.

### Standard of Review

A magistrate judge may rule directly on non-dispositive pretrial matters. See Fed R. Civ. P. 72(a). On such matters,

the district judge may reconsider the magistrate's decision only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." United States v. Brown, 79 F.3d 1499, 1503 (7th Cir. 1996); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## Analysis

In this case, Magistrate Judge Gorman's decision to deny McCloud's Motion to Compel Discovery was not "clearly erroneous or contrary to law."  In the January 24th Order, Magistrate Judge Gorman set forth a multitude of reasons for justifying his decision.  In particular, he held that "Plaintiff's motion [was] so general that the court would have to comb each of her discovery requests, each of Defendant's responses and then determine without argument or legal citation whether the responses were sufficient."  [Doc. #116, pg.1].  This, he rightfully refused to do and, therefore, alone, is sufficient to justify his denial of McCloud's motion.

In addition, Magistrate Judge Gorman correctly pointed out that there was "noting in the factual development of this case that would justify discovery on the theory of defective design." [Id.]  Indeed, this Court has recently held that there are no discoverable facts in the instant case that would tend to support a design defect claim.  See [Doc. #197].  Moreover, as Magistrate Judge Gorman also correctly noted, discovery seeking

to unravel a design defect is not likely to lead to admissible evidence at this late stage in the proceedings.

Nevertheless, Magistrate Judge Gorman also concluded that McCloud's Motion to Compel Discovery was untimely because fact discovery had closed on February 15, 2006, with the exception that rebuttal and sur-rebuttal expert discovery had been extended to April 3, 2006. McCloud argues that when the Court extended the discovery deadline for rebuttal and sur-rebuttal expert testimony, *all* "fact discovery" was extended. This argument, however, is without merit.

Although the Text Order of January 5, 2006, granting McCloud's motion for an extension of time to complete rebuttal and sur-rebuttal expert discovery [Doc. #111] simply extends the discovery deadline to April 3, 2006, it is clear that the words "all discovery" in McCloud's motion refers to the completion of all rebuttal and sur-rebuttal expert discovery. See [Doc. #111 and Ex. 1]. McCloud did not request an extension of time for "fact discovery", and the Court did not grant such an extension. See Bevolo v. Carter, 447 F.3d 979, 981 (7th Cir. 2006) (finding that the plaintiff did not specifically request for an extension of time to complete expert witness disclosure or discovery and therefore the court did not grant such a request).

Finally, much like in the hearing held before Magistrate Judge Gorman on March 1, 2006, the parties also put on an adequate demonstration of the tire manufacturing process at the

3

Daubert hearing conducted before myself on July 11-12, 2006. And, much like Magistrate Judge Gorman, I also agree that the process for manufacturing the subject tire is not so complex that a videotape of the process is required to assist the jury in its role as fact-finder. As such, Magistrate Judge Gorman's decision not to allow a plant inspection and videotape of the tire manufacturing process was not "clearly erroneous or contrary to law."

IT IS THEREFORE ORDERED that McCloud's Objections [Doc. #123] are DENIED and Magistrate Judge Gorman's Order of January 24, 2006 [Doc. #116] is AFFIRMED.

ENTERED this  22nd  day of August, 2006.

                                               /s/ Joe B. McDade
                                               JOE BILLY McDADE
                                     United States District Judge