UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

```
TRISH LEE MCCLOUD,               )
                                 )
     Plaintiff,                  )
                                 )
                                 )    No. 04-1118
v.                               )
                                 )
GOODYEAR DUNLOP TIRES NORTH      )
AMERICA, ltd.,                   )
                                 )
     Defendant.                  )
```

**O P I N I O N   A N D   O R D E R**

Before the Court is Plaintiff's Motion to Exclude, or in the Alternative Limit Opinion Testimony (Doc. 365). Plaintiff seeks to prevent Thomas M. Johnson from testifying as an expert witness in this case.  For the following reasons, Plaintiff's Motion is DENIED.

**BACKGROUND**

Johnson is a former employee of Defendant and was produced for deposition as its corporate representative under Federal Rule of Civil Procedure Rule 30(b)(6).  His deposition was taken toward the end of discovery and took nearly two days. At Johnson's deposition, Plaintiff's counsel made numerous inquiries which elicited opinion testimony from Johnson.  As an employee and manager in the field of tire production with many years of experience and an intimate knowledge of Defendant's tire production process, Johnson seems well qualified to give

such testimony.  Defendant originally objected to most of the inquiries that elicited Johnson's opinions.  However, after the Deposition, Defendant switched tacks and decided to take advantage of the opinions.

After the first day of Johnson's testimony, Plaintiff has filed a motion seeking to bar the expert testimony in this case due to Defendant's late disclosure of Johnson as an expert witness.  According to Plaintiff, the original deadline for disclosure of expert testimony under Rule 26(a)(2) was September 15, 2005, and Johnson was not deposed until April 14, 2006.  Furthermore, Defendants did not officially disclose their intent to use Johnson's testimony until April of 2007.  However, despite Defendant's late disclosure of their official intent to use Johnson as an expert witness, Johnson may testify to those facts which he disclosed during his deposition.

**ANALYSIS**

Plaintiff seeks to bar Johnson's testimony based upon Sunstar, Inc. v. Alberto-Culver Co., 2006 U.S. Dist. LEXIS 85678 (N.D. Ill. Nov. 16, 2006).  Plaintiff argues that had they known that Johnson would be an expert witness then they would have conducted the deposition differently.  Specifically, they argue that had they had an expert report going into the deposition they would have made different inquiries at the deposition.

However, at the time of the deposition, Johnson was Defendant's 30(b)(6) witness and was not retained as an expert in this case. Furthermore, at the hearing on this Motion, the Court inquired specifically if Johnson was retained or received any fee for his testimony. Defendant responded and stated that Johnson had not been retained for litigation and did not receive any fee or compensation. Only those persons that are specifically retained for purposes of litigation are required to submit an expert report. Fed.R.Civ.P. 26(a)(2). Accordingly, even if Defendant had disclosed Johnson as an expert witness prior to the deposition, they still would not have had the benefit of an expert report.

The real question before the Court is whether the failure to disclose Johnson as an expert witness was harmless. Keach v. U.S. Trust Co., 419 F.3d 626, 640 (7th Cir. 2005). Plaintiff argues based upon Sunstar that they suffered harm because Defendant had not disclosed Johnson as an expert until after the deposition. In Sunstar, a witness was deposed and after the deposition the plaintiff disclosed the witness as an expert. The court noted that there were numerous subject areas which the witness would discuss at trial which had never been discussed at the deposition. As a result, the court held that the defendant would suffer harm from this new testimony and barred the witness as an expert.

In the case at bar, this Court has specifically limited any expert testimony from Johnson to issues which were discussed in his deposition.  As a result, Johnson will not have an opportunity to bring any "new" testimony to the floor. Johnson's deposition dragged on for nearly two days so it is hard to imagine that Plaintiff did not have the opportunity to inquire about any area that she did not feel was relevant.  And finally, Plaintiff has repeatedly received the benefit of this Court lenient treatment of deadlines so it is only proper for Defendant to receive the same leniency.[1]

The purpose of Rule 26 is to prevent surprise and apprise the opposing side of the information which a witness may bring to trial.  In this case, Plaintiff has been apprised of Johnson's intended testimony because his testimony has been limited to the testimony in his deposition.  Accordingly, the disclosure goals of Rule 26 have been met and any error for failing to officially disclose Johnson as an expert by the set date in this case is harmless.

---

[1] For example, Plaintiff sought to have their expert present his opinions regarding the front tire of the subject motorcycle in this case.  While Plaintiff never made a formal disclosure to Defendant until less than thirty days before trial, this Court allowed the testimony because Defendants had been made aware of the opinions regarding the front tire during the Daubert hearing held in this Court.  As in that case, a party has not been prejudiced by the late disclosure of the expert testimony.

Specifically, the Court turns to Sherrod v. Lingle, 223 F.3d 605 (7th Cir. 2000).  In Sherrod, a district court barred expert testimony due to late disclosure under Rule 26.  However, the Seventh Circuit held that barring expert testimony for late disclosure was error because 1) both parties were partially responsible for the late disclosure, 2) the parties were made aware of the relevant expert testimony long before trial, and 3) there was no surprise and the parties still had adequate time to prepare for trial.

In the case at bar, Plaintiff is partially responsible because Plaintiff elicited Johnson's testimony at the deposition.  The parties were made aware of the relevant expert testimony long before trial because Johnson's deposition was conducted long before trial.  And, there was no surprise at trial because Plaintiff was made aware of Defendant's intent to use Johnson as an expert witness well before the trial began.

Finally, the Court notes that at trial, Defendant's counsel was strictly warned to not proceed beyond the bounds of the deposition.  Specifically, Defendant was warned that if they did not abide by the Court's ruling and proceeded to illicit testimony that went beyond the bounds of the deposition, then this Court would reconsider this ruling, strike all of Johnson's opinion testimony, and instruct the jury to disregard his expert

opinions.  Accordingly, Defendant stayed well within the bounds of Johnson's deposition at trial.

IT IS THERFORE ORDERED that Plaintiff's Motion (Doc. 365) is DENIED.

ENTERED this  21st  day of August, 2007.

s/Joe Billy McDade<br>Joe Billy McDade<br>United States District Judge