**E-FILED**
Wednesday, 16 December, 2009  01:35:11 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TRISH LEE McCLOUD, by and through her legal guardian, Candy L. Hall, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   04-cv-1118 |
| v. | ) ) | |
| GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. & THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No.   04-cv-1118 |
| TRISH LEE McCLOUD, by and through her legal guardian, Candy L. Hall, CONYBEARE LAW OFFICE, and RANDY W. JAMES & ASSOCIATES, | ) ) ) ) ) | |
| Respondents. | ) | |

## **O R D E R**

This matter is before the Court on the Motion to Adjudicate Liens by Petitioner, OSF Healthcare System, an Illinois not for profit corporation d/b/a Saint Francis Medical Center. (Doc. 445).  Petitioner states that it holds a hospital lien pursuant to the Illinois Health Care Services Lien Act, 770 ILCS 23/1 *et seq.*, against a jury verdict and judgment obtained by Trish Lee McCloud in this Court.

Ms. McCloud[1] admits that her attorney did receive notice of the lien, but denies that she recovered the amount of the jury verdict. Moreover, Ms. McCloud states that Petitioner would be unjustly enriched if it collects the claimed amount of the lien from her, because Petitioner already accepted Medicaid payment and a tax write-off of the claimed expenses. (Doc. 447).

On August 24, 2007, a jury verdict in the amount of $15,000,000.14 was entered in this case in favor of Ms. McCloud. (Doc. 378). A judgment for this amount followed on August 30, 2007. (Doc. 382). However, Defendant Goodyear Dunlop Tires North America filed a Notice of Appeal on June 24, 2008. (Doc. 422). During the appeal, the parties negotiated a settlement, and they moved the Court to approve the settlement and requested the Court of Appeals to remand the case for that purpose. (Doc. 432). The Court subsequently vacated the August 30, 2007 judgment, approved the terms of the confidential settlement[2] after a fairness hearing, and dismissed the case with prejudice. (Doc. 436).

In its Petition to Adjudicate Liens, Petitioner relies on the August 24, 2007 jury verdict. As Ms. McCloud asserts, she did not recover payment on the jury verdict, as the judgment arising from it was vacated. Therefore, no lien can exist against the jury verdict or the judgment arising from it. In re Estate of Cooper, 532 N.E.2d 236, 238-39 (Ill. 1988) ("Only when a recovery is made can the lien come into existence, because absent a provision to the contrary, a lien is created only when

---

[1]   The Petition to Adjudicate Liens names Ms. McCloud, Conybeare Law Office, and Randy James & Associates as Respondents. The Answer was filed only on behalf of Ms. McCloud (though it was filed on her behalf by Mr. Conybeare and Mr. James, her attorneys).

[2]   The Confidential Settlement Agreement was filed under seal with the Court.

2

there is property on hand to which it may attach."); <u>Galvan v. Northwestern Memorial Hosp.</u>, 888 N.E.2d 529, 542 (Ill. App. 2008).  On the other hand, if a recovery is made pursuant to a settlement, a lien may attach to the settlement recovery.  770 ILCS 23/20.  The total amount of all liens cannot exceed 40% of the total recovery.  770 ILCS 23/10(a).

The Court cannot adjudicate the lien on the basis of the record before it.  Therefore, Petitioner SHALL submit further briefing on Ms. McCloud's claim that it will be unjustly enriched by recovery under its alleged lien because of Medicaid payments and tax write-offs.  Ms. McCloud SHALL submit further briefing as to her compliance with the terms of the settlement agreement relating to liens, her claim that Petitioner's billed charges were not reasonable and customary, and whether and to what extent Petitioner is entitled to recover payment from Ms. McCloud's settlement recovery for its services to Ms. McCloud.  In addition, the parties are instructed to brief other issues that will be helpful to the Court.  The additional briefing from both Petitioner and Ms. McCloud SHALL be submitted to the Court within 21 days of the date of this Order.

Entered this <u>15th</u> day of December, 2009.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                              United States District Judge