## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TRISH LEE McCLOUD, by and through her legal Guardian, Candy L. Hall, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. )<br>)<br>Defendant. )<br>)<br>and )<br>)<br>OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>TRISH LEE McCLOUD by and through her legal Guardian, Candy L. Hall, CONBYBEARE LAW OFFICE, and RANDY W. JAMES & ASSOCIATES, P.C., )<br>)<br>Respondents. ) | Case No.   04-cv-1118 |

## O R D E R   &   O P I N I O N

This matter is before the Court on Respondents' Objections to and Motion for Reconsideration of the Magistrate's Order and Brief in Support Thereof (Doc. 479). Petitioner has timely responded. (Doc. 480). For the following reasons, Respondent's Objections to and Motion for Reconsideration of the Magistrate's

Order (Doc. 479) is GRANTED in part and DENIED in part. It is granted to the extent that the Court herein reconsiders portions of Magistrate Judge Gorman's Order, however all of its objections are DENIED. Magistrate Judge Gorman's Order is AFFIRMED, and Petitioner's Lien is to be paid in full.

## BACKGROUND

The underlying litigation in this matter began in 2004, when Respondent Trish Lee McCloud filed suit against Goodyear Dunlop Tires for injuries she sustained in a motorcycle accident. (Doc. 1). Respondent's claim was tried to a jury, and the jury rendered a verdict in her favor, awarding her damages in the amount of $15,000,000.14. (Doc. 378 at 2). Of this total award, $472,794.14 was for the "reasonable value of necessary medical care, treatment, services and life care needs of [Respondent] to the present time." (Doc. 378 at 1). The verdict was appealed (Doc. 422) and the parties reached a settlement, which was approved by this Court on December 10, 2008 (Doc. 436).

Following the settlement of the case, Petitioner, OSF Healthcare System d/b/a Saint Francis Medical Center ("OSF"), filed a Petition to Adjudicate a Lien pursuant to the Health Care Services Lien Act, 770 ILCS 23/1 *et. seq.*, seeking to recover the $261,902.33 that it had billed to Respondent for medical goods and services provided to her after her motorcycle accident. (Doc. 445). After ordering fuller briefing addressing the merits of the Petition (Doc. 448), as well as the Court's jurisdiction over it (Text Order of 12/18/09), the Court determined that it had ancillary jurisdiction over the Petition pursuant to the settlement agreement, and

referred the matter to Magistrate Judge Gorman for further post-judgment proceedings related thereto. (Doc. 454 at 3-4).

Subsequently, Magistrate Judge Gorman presided over all matters relating to the Petition to Adjudicate Liens, including allowing the withdrawal of Petitioner's Motion for Sanctions (Text Order of 3/4/2010), denying a Motion to Compel Discovery filed by Respondent (Doc. 469), and ordering that Petitioner's lien be paid in full (Doc. 478). It is this final order, which adjudicated Petitioner's lien and determined that it should be paid in full, to which Respondent now objects. (Doc. 479). Respondent argues that Magistrate Judge Gorman did not have jurisdiction to enter such an order, and that the order is erroneous and contrary to law.

**I. Magistrate Judge Gorman's Jurisdiction**

Section 636 of Title 28 of the United States Code sets forth the jurisdiction of a United States Magistrate Judge. According to that statute, a magistrate judge has jurisdiction to hear and determine various pretrial matters of a non-dispositive nature upon designation by the district judge. 28 U.S.C. § 636(b)(1)(A). Further, upon the consent of the parties, a magistrate judge may conduct any or all proceedings in a nonjury civil matter and order entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court. § 636(c)(1). Consent under § 636(c)(1) may be either express or inferred from the parties' conduct during litigation. *Roell v. Withrow*, 538 U.S. 580 (2003). Where a litigant is "made aware of the need for consent and the right to refuse it, and still voluntarily appear[s] to try the case before the Magistrate Judge" consent is

3

properly inferred, and the Magistrate Judge has jurisdiction. *Id.* at 590. Finally, "a magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." § 636(b)(3).

Respondent argues that Magistrate Judge Gorman did not have jurisdiction to enter judgment on the Petition to Adjudicate Liens under § 636(c). Specifically, Respondent states that there was never any indication that the Petition was referred to Magistrate Judge Gorman for the purposes of entering judgment, and that therefore Respondent did not consent to his doing so. (Doc. 479 at 2-3). Therefore, Respondent argues that the Court should treat Magistrate Judge Gorman's order as a proposed finding and recommendation pursuant to § 636(b)(1)(B), and engage in a *de novo* review of the portions of his order to which Respondent now objects. (Doc. 479 at 3).

Petitioner responds that Magistrate Judge Gorman did, in fact, have jurisdiction over their Petition to Adjudicate Liens pursuant to § 636(c)(1), and that therefore his order must be treated as the final judgment of this Court. (Doc. 480 at 2). According to Petitioner, the parties impliedly consented to Magistrate Judge Gorman's jurisdiction pursuant to § 636(c)(1) due to the fact that they voluntarily proceeded before him on numerous occasions after this Court referred the matter to him in its Order and Opinion of January 14, 2010. (Doc. 480 at 2-3). Because Respondent never objected to Magistrate Gorman's jurisdiction prior to his final order adjudicating the lien, Petitioner maintains that the parties consented to his jurisdiction, and cannot now complain simply because his final decision was adverse to them. (Doc. 480 at 2).

4

The Court is confused over this dispute as Magistrate Judge Gorman never entered any judgment, but instead issued an Order on Petitioner's Petition to Adjudicate Liens, as was referred to him by this Court. This is undoubtedly not a case to which the parties consented pursuant to §636(c)(1), as the parties were never made aware of the need to formally consent to the Magistrate Judge's jurisdiction; nor did they ever expressly do so. Instead, because the power to adjudicate liens is not expressly granted in either the federal statute or this Court's Local Rules, the Court finds that the case was properly referred to Magistrate Judge Gorman pursuant to § 636(b)(3), the catch-all provision of the Federal Magistrates Act, which allows for the referral of any matter which is not inconsistent with the Constitution and laws of the United States.

Because the adjudication of Petitioner's lien was dispositive of Petitioner's claim, it is appropriate to adopt the standard of review for dispositive pretrial matters: a *de novo* review upon the record. *Talbott v. Empress River Casino*, 1997 WL 458537, at *1 (N.D. Ill. Aug. 4, 1997). "A *de novo* review does not require a new hearing, but the Court must give fresh consideration to those issues to which specific objections have been made." *Id.* (internal quotations omitted). Accordingly, the Court will take a fresh look at the portions of Judge Gorman's Order to which Respondent has now objected.

**II. Objections to Magistrate Judge Gorman's Order**

The first objection Respondent makes to Magistrate Judge Gorman's Order of July 13, 2010 (Doc. 478) is that he found that the Illinois "common fund doctrine" did not apply to hospital liens. In making this determination, Magistrate Judge

Gorman disregarded an Illinois Court of Appeals for the Fifth District decision, *Howell v. Dunaway*, 924 N.E.2d 1190 (Ill. App. 2010), which diverged from previous Illinois law and held that the doctrine did, in fact, apply to hospital liens such as those asserted by Petitioner. However, since the time Respondent filed her objections, the Illinois Supreme Court has issued an opinion reversing the Fifth District's opinion, and explicitly holding that, in Illinois, the common fund doctrine is not applicable to health care liens under the Health Care Services Lien Act. *Wendling v. Southern Ill. Hosp. Svcs.*, ---N.E.2d ---, 2011 WL 1085186 (Ill. March 24, 2011). Accordingly, Magistrate Judge Gorman's prediction of Illinois law was fully correct and Respondent's first objection to his Order of July 13, 2010 (Doc. 478) fails.[1]

In addition, Respondent argues that she raised three other claims before Magistrate Judge Gorman, which he rejected without articulating his reasons for doing so. These claims include: 1) Petitioner's claim should be reduced because its charges for Ms. McCloud's treatment were substantially higher than Petitioner would have received for the same services provided to an insured patient, or if it had timely sought reimbursement for all of its charges from Michigan Medicaid, because otherwise Petitioner would be unjustly enriched to the detriment of Respondent; 2) Petitioner's lien claim should be denied because Petitioner has not

---

[1]Respondent concedes that her objection to Magistrate Judge Gorman's determination regarding applicability of the common fund doctrine to health care liens would fail if the Illinois Supreme Court reversed the Fifth District's decision in *Howell*. (Doc. 479 at 6). Specifically, Respondent invited the Court to "defer final adjudication of the lien pending a decision of the Illinois Supreme Court in the *Howell* case, at which point, any uncertainty regarding the state of Illinois law on this subject will be resolved." (Doc. 479 at 6).

satisfied its burden that the amount of the lien is reasonable and because Respondent was denied an opportunity to make discovery on that issue; and 3) Petitioner's acceptance of Medicaid reimbursement for a portion of its charges bars its current claim for reimbursement from Respondent. (Doc. 479 at 4-5). Although Respondent makes no arguments in support of these claims in its current Objections, because the Court is performing a *de novo* review on the record, it will look to the parties' briefs before Magistrate Judge Gorman in order to determine whether Respondent's claims are with or without merit.

### A. Reduction of Claim to Amount That Would Be Paid by Insurance

Respondent's first argument is that Petitioner's Lien should have been reduced to the amount that Petitioner would have received in reimbursement had they billed the services to either public or private insurance. (Doc. 472 at 8). Ms. McCloud did not have private insurance, however she may have been eligible for Medicaid coverage, and there is evidence that Petitioner filed a claim with Michigan Medicaid to recover payment. (Doc. 472 Exh. A). There is also evidence that had Medicaid allowed Petitioner's claim, which it instead denied as being untimely filed, it would have paid in the amount of $130,951.17. (Doc. 472 Exh. A). Therefore, Respondent argues that Petitioner would now be unjustly enriched if it is allowed to recover more than the $130,951.17 it would have received had it timely filed its claim with Michigan Medicaid.

Several federal cases have discussed whether or not a hospital should be allowed to assert a lien against a patient's recovery from a third party tortfeasor when that hospital has already recovered a portion of its bills from Medicaid. All of

these cases have held that when a hospital bills and accepts payment from Medicaid, its claim must be treated as paid in full, and it may no longer seek to recover any fees from the patient or any other party. *See Evanston Hosp. v. Hauck*, 1 F.3d 540 (7th Cir. 1993); *Miller v. Gorski Wladyslaw Estate*, 547 F.3d 273 (5th Cir. 2008). Conversely, these cases indicate that when the hospital has not accepted payment from Medicaid, it is free to seek full recovery from the patient. *See id.* Here, because Michigan Medicaid denied its claim, Petitioner never actually accepted payment from Michigan Medicaid, thus leaving all of Petitioner's bills unpaid. Respondent argues that, nevertheless, Petitioner should be barred from recovering a greater amount now as it would be in essence receiving a windfall for its failure to timely file its claim with Michigan Medicaid. While this may be the case, because Petitioner never actually accepted payment from Michigan Medicaid, precedent dictates that it is free to seek full recovery from Respondent or any other third party source. Accordingly, Respondent's second objection also fails.

**B. Whether The Amount of the Lien is Reasonable and Necessary**

Next, Respondent argues that Petitioner's Lien should be denied because Petitioner did not satisfy its burden of showing that its charges were reasonable or customary. (Doc. 472 at 11). However, as Magistrate Judge Gorman found in his Order denying Respondent's Motion to Compel Discovery (Doc. 469) on this issue, the bills upon which Petitioner now seeks to recover were presented to the jury as part of Respondent's damages at trial. Moreover, the jury there found that Respondent's medical bills were reasonable. (Doc. 378 at 1). Respondent may not rely upon Petitioner's medical bills as part of its case before the jury, but now, when

Petitioner seeks to recover upon them, dispute that they were not reasonable or necessary. Therefore, this objection also fails.

### C. Prior Acceptance of Payment

Finally, Respondent argues that Petitioner should be barred from recovering on its lien because "it is apparent that one of the bills for services rendered to Ms. McCloud was submitted by [P]etitioner to Michigan Medicaid for reimbursement in timely fashion and the claim was paid." (Doc. 472 at 15). However, as Petitioner pointed out in its Response to Respondent's Brief (Doc. 475), the payment to which Respondent points was not made to Petitioner, but to a separate doctor, Doctor Benito Camacho. (See Doc. 472 Exh. B). Accordingly, Respondent's claim for reduction is utterly without merit, and its final objection is also denied.

### CONCLUSION

For the foregoing reasons, Respondent's Objections to and Motion for Reconsideration of the Magistrate's Order (Doc. 479) is GRANTED in part and DENIED in part. It is granted to the extent that the Court has here reconsidered portions of Magistrate Judge Gorman's Order, however all of its objections are DENIED. The Order of Magistrate Judge Gorman is AFFIRMED, Petitioner's Petition to Adjudicate Liens (Doc. 445) is GRANTED, and its Lien of $261,902.33 is to be paid in full. IT IS SO ORDERED.

Entered this 18th day of April, 2011.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                              United States Senior District Judge